UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
KASSAHUN TEFERA,                    )
                                    )
            Plaintiff,              )
                                    )
        v.                          )    Civil Action No. 13-CV-0998(KBJ)
                                    )
WELLS FARGO BANK, N.A.,             )
                                    )
            Defendant.              )
                                    )
_____ )

# MEMORANDUM OPINION

Plaintiff Kassahun Tefera ("Tefera"), proceeding *pro se*, filed the instant complaint in the Superior Court of the District of Columbia on June 7, 2013. Tefera alleges that Defendant Wells Fargo Bank, N.A. ("Defendant"), illegally foreclosed on his home. (Compl., ECF No. 7-1, at 10-37.)[1] Defendant removed the matter to federal court. (Notice of Removal, ECF No. 1.) Presently before the Court is Defendant's motion to dismiss. (Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 6.) Defendant argues that Tefera's complaint must be dismissed in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted because Tefera fails to meet the pleading requirements of the Federal Rules of Civil Procedure, and in any event, the relevant statute of limitations bars his claims. (*Id.* at 1, 7-8.) Defendant further argues that Tefera's complaint must be dismissed pursuant to Rule 12(b)(5) for insufficient service of process. (*Id.* at 11.) Upon careful

---

[1] Tefera initially named as defendant ASC, or America's Servicing Company, a sub-division of Wells Fargo Bank, N.A. (*see* Compl., ECF No. 7-1, at 10), but on January 16, 2014, the Court granted Defendant's motion to amend the name of Defendant from ASC to Wells Fargo Bank, N.A. (*See* Minute Order of Jan. 16, 2014.)

1

consideration of the motion and associated submissions from the parties, the entire record, the applicable law, and for the reasons that follow, Defendant's motion is **GRANTED**.

I. **Factual Background**

This case arises out of Defendant's involvement in the foreclosure of Tefera's home. The following facts are taken from Tefera's complaint, the documents attached to the complaint, and from public records that the parties submitted along with their briefing on the pending motion.

On July 25, 2005, Tefera obtained a first purchase money mortgage loan for his property located at 1344 Valley Place SE, Washington, DC 20020 (the "property"), with First Guaranty Mortgage Corporation ("First Guaranty"). (Adjustable Rate Note, Ex. A to Def.'s Mot., ECF No. 6 at 23; Deed of Trust, Ex. A. to Def.'s Mot., ECF No. 6 at 28; *see also* Affidavit of Kassahun Tefera ("Tefera Aff."), Compl., ECF No. 1-1, at 18 ¶¶ 1-4.) In return for a $232,000 loan, Tefera granted First Guaranty a deed of trust to the property. (Deed of Trust at 29-30.) Tefera alleges that he made a $30,000 down payment on the property and later made payments totaling $89,000 towards the loan. (Tefera Aff.; Compl., at 8 ¶¶ 5-6.) According to Tefera, he spent an additional $50,000 on improvements to the property and engaged in maintenance and upkeep worth $100,000. (*Id.* ¶¶ 8-9; *see also* Ex. B. to Compl., ECF No. 7-1 at 21 (itemized list of improvements and maintenance).) Although the record does not make this clear, a key event must have occurred at some point: after First Guaranty transferred the deed to HSBC Bank USA (*see* Foreclosure Notice, Compl., ECF No. 1-1, at 21 (identifying HSBC Bank USA, NA, as the "holder of the note")), Wells Fargo became involved as

2

servicer of the loan. (Def.'s Mot. at 7 (identifying Wells Fargo as the "Loan servicer" for HSBC).)

The complaint does not address when or why Tefera stopped making timely payments on his mortgage. But Tefera filed for Chapter 7 bankruptcy at the end of May 2009; according to the docket sheet, the bankruptcy court eventually discharged Tefera's debts—including the unpaid amount that Tefera owed on his mortgage loan. (*See* Bankruptcy Case Docket for Bankruptcy Petition 09-00451, Ex. C to Def.'s Mot., ECF No. 4-4, at 2.) On October 23, 2009, HSBC recorded a Notice of Foreclosure Sale of Real Property in the D.C. land records, specifically, with the Recorder of Deeds in the D.C. Office of Tax and Revenue. (Foreclosure Notice, Compl., ECF No. 7-1, at 32-33.) According to the Foreclosure Notice, a copy of the notice was sent to Tefera at the property's address; there is no question that Tefera received the notice, since he attached it to his Superior Court complaint. (*See id.*) One month after the Notice of Foreclosure was filed, HSBC purchased the property at a foreclosure sale and recorded its deed to the property on November 24, 2009. (HSBC Deed, Ex. D to Def.'s Mot., ECF No. 6, at 58-59.)

On June 7, 2013, Tefera filed the instant complaint in the Superior Court for the District of Columbia, seeking either $505,414 in damages or the return of his home. (*See* Compl. at 12, 15.) In the complaint, Tefera makes four general claims: (1) that his lender "illegally foreclosed" on his home; (2) that the lender did not show him the "original note"; (3) that the lender "separate[d]" the "original note and the mortgage for more than 90 days"; and (4) that the note "was converted to stock or stock equivalent" and, therefore, "it is no longer a note" and there is "no loan to be verified." (Compl. at

3

12, 14.) Elsewhere in the complaint, Tefera characterizes the foreclosure as "criminal activity" and the bank as an "organized mafia," and indicates that the foreclosure involved "financial fraud." (*Id.* at 15.) He also identified the "nature of suit" as being a contract claim for personal property. (*Id.* at 35.)

Defendant removed the case to federal court on July 1, 2013. (Notice of Removal at 1.)[2] Defendant then moved to dismiss Tefera's complaint. (Def.'s Mot. at 1.) In his opposition to Defendant's motion to dismiss, Tefera adds additional factual allegations regarding Defendant's conduct, including that the bank "[f]ail[ed] to follow appropriate foreclosure [p]rocedure" by filing "false and misleading documents," not having the documents properly notarized, and "engag[ing] in a pattern of unfair and deceptive practice." (Opp'n to Mot. to Dismiss ("Pl.'s Opp'n"), ECF No. 8, ¶¶ I-K.)

## II. ANALYSIS

In the memorandum opinion this Court issued in *Tefera v. OneWest*, No. 13-cv-1998, Mem. Op., ECF No. 8 (Jan. 31, 2014), the Court analyzed nearly identical claims that Tefera brought against OneWest pertaining to another property that he owned. In that case, the Court found that Tefera's complaint failed to meet the pleading standards of the Federal Rules of Civil Procedure and that, in any event, the relevant statute of limitations barred his claims. *Id.* at 1. Although this case involves a different property, a different defendant, and different timing, the result is the same. Just as in *Tefera v. OneWest*, the allegations in the instant complaint are conclusory and fail to meet the notice pleading requirements of Rule 8(a), requiring dismissal; further, Tefera's claims

---

[2] In the Notice of Removal, Defendant argued that this Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and therefore, the action is removable under 28 U.S.C. § 1441. (Notice of Removal, ECF No. 1.) Tefera did not seek remand or in any other way oppose removal.

are time-barred, because the applicable three-year statute of limitations would have run by October 3, 2012, three years from the date the notice of foreclosure was issued (*see* Foreclosure Notice, Compl., ECF No. 7-1, at 32-33), and Tefera did not file the instant complaint until June 2013. Accordingly, for the reasons set forth in the memorandum opinion in *Tefera v. OneWest*, Tefera's allegations in this case fail to state a claim upon which relief can be granted and must be dismissed.[3]

### III. Conclusion

For the foregoing reasons, Defendant's motion is **GRANTED** and the complaint is dismissed in its entirety. A separate order consistent with this opinion will follow.

Date: January 31, 2014

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

---

[3] Because the Court dismisses this action for failure to state a claim upon which relief can be granted, it declines to consider Defendant's other ground for dismissal, improper service of process pursuant to Rule 12(b)(5). *See, e.g.*, *McIntyre v. Fulwood*, 892 F. Supp. 2d 209, 214 n.3, 218 (D.D.C. 2012) (dismissing the plaintiff's complaint for failure to state a claim and, accordingly, declining to address the defendant's argument for dismissal due to improper service of process).

5